1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SAIYEZ AHMED,                              1:13-cv-00941-MJS-(PC)

12             Plaintiff,
                                                ORDER DENYING MOTION FOR
13        v.                                    APPOINTMENT OF COUNSEL

14   M. MARTEL, et al.,
                                                (ECF No. 3)
15             Defendants.

16   _____/

17        Plaintiff Saiyez Ahmed ("Plaintiff") is a state prisoner proceeding pro se in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  On June 20, 2013, Plaintiff filed a motion

19   seeking the appointment of counsel.  (ECF No. 3.)

20        Plaintiff does not have a constitutional right to appointed counsel in this action, Rand

21   v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney

22   to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District

23   Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

24        In certain exceptional circumstances the Court may request the voluntary assistance

25   of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a

26   reasonable method of securing and compensating counsel, the Court will seek volunteer

27   counsel only in the most serious and exceptional cases.  In determining whether

28   "exceptional circumstances exist, the district court must evaluate both the likelihood of

-1-

1  success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

2  of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations

3  omitted).

4        In the present case, the Court does not find the required exceptional circumstances.

5  Even if it is assumed that Plaintiff is not well versed in the law and that he has made

6  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

7  This Court is faced with similar cases almost daily.  Further, at this early stage in the

8  proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on

9  the merits, and based on a review of the record in this case, the Court does not find that

10  Plaintiff cannot adequately articulate his claims.  <u>Id</u>.

11        For the foregoing reasons, Plaintiff's motion for appointment of counsel is DENIED,

12  without prejudice.

13

14

15  IT IS SO ORDERED.

16  Dated:    June 27, 2013                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28