# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIYEZ AHMED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. MARTEL, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-0941-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 1<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

On June 20, 2013, Saiyez Ahmed ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

Plaintiff's Complaint is now before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.   PLAINTIFF'S CLAIMS

Plaintiff is currently housed at the California Medical Facility in Vacaville, California, but the events at issue in this case took place at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names the following individuals as defendants: 1) M. Martel, chief deputy warden at PVSP, 2) M. C. Davis, associate warden at PVSP, 3) R. Shannon, facility captain at PVSP, 4) C.P. Cano, correctional counselor two at PVSP, 5) D. Combs, correctional counselor one at PVSP, and 6) D. Rose, correctional guard at PVSP. He alleges these Defendants subjected him to unlawful retaliation prohibited by the First Amendment and to cruel and unusual punishment in violation of the Eighth Amendment, and also violated his due process rights under the Fifth and Fourteenth Amendments. He also alleges they violated his rights under the Equal Protection Clause of the Fourteenth Amendment and his First Amendment right to access the courts. More specifically, he alleges:

Plaintiff was placed in solitary confinement and kept there beyond his proposed release date. (Compl. at 3.) He was removed from solitary for a hospital admission. (Id.) Upon his return, he went before the institutional classification committee ("ICC"). (Id.) Defendants Martel, Davis, Shannon, Cano, and Combs were members of the ICC. (Id. at 4.) Plaintiff was asked to waive his rights. (Id.) ICC members fabricated reasons for continuing his solitary confinement commitment. (Id.)

Plaintiff started a hunger strike soon thereafter. (Compl. at 4.) As part of an "attempted cover up", Defendant Rose provided Plaintiff with a "114-D lock up order" and a "128G Chrono". (Id. at 4-5.)

Plaintiff was eventually placed in the general population, but was told he could not pursue a grievance about his placement in solitary confinement. (Compl. at 5.) After Plaintiff continued to pursue his grievance, he was transferred to a more dangerous institution. (Id.) After his transfer, Plaintiff was subjected to discrimination due to his religion. (Id.)

Plaintiff asks for declaratory relief, a permanent injunction to remove the false information from his file, a permanent injunction requiring Defendants to appoint an overseer for solitary confinement, $4,000 in compensatory damages from each Defendant, $100,000 in punitive damages from each Defendant, an order that he be allowed to proceed under "res judicata, and a jury trial.

## III. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.     Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has failed to tie any Defendant to his First Amendment retaliation, First Amendment access to courts, Eighth Amendment cruel and unusual punishment, or his Fourteenth Amendment equal protection claim. To state a claim under any of these, Plaintiff must allege facts showing how one or more Defendant is responsible for violations thereunder. The Court will discuss these claims below to ensure Plaintiff is aware of the criteria for pleading each, but if he plans to file an amended complaint, he also must link named Defendants to the alleged violations.

### C.  First Amendment - Retaliation

According to Plaintiff, after he was removed from solitary confinement and placed in the general population at PVSP, he was told that if he continued to pursue his grievances he would be transferred to a more dangerous housing situation. Plaintiff continued to pursue his grievances and was ultimately transferred.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has alleged that unspecified individuals took an adverse action against him by transferring him to a more dangerous living situation because he continued to pursue grievances. This constitutes an adverse action. However, as noted above, Plaintiff has failed to attribute this adverse action to any Defendant.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff has not satisfied the causation criteria. He provides no specifics as to

who was responsible for transferring Plaintiff to a more dangerous living situation in response to what action. It is unclear from the present pleading whether Plaintiff's transfer was related to his First Amendment activities.

In terms of the third prerequisite, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff has satisfied this prong since he alleges he filed various grievances.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity. . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff has satisfied this element by alleging that he was transferred to a less safe living environment, an action that would chill a person of ordinary firmness from repeating the actions which caused the transfer.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff has made no such allegation; his existing allegations are not enlightening as to whether or not here was a legitimate penological reason for transferring him.

Plaintiff has failed to allege a First Amendment retaliation claim, but will be given leave to amend this claim.

### D.  **First Amendment – Access to Courts**

Although Plaintiff asserts he is bringing a First Amendment claim in connection

6

with his prison grievances, he does not provide any particulars of the claim. From the limited facts pled, it appears he might more appropriately be alleging a Fourteenth Amendment violation. Accordingly, the Court will analyze the elements of such a claim as related to Plaintiff's experiences regarding grievances.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.

For these reasons, it must be concluded that Plaintiff has failed to state a claim in connection with the prison's failure to process his grievances to his satisfaction.

### E. Fifth Amendment

"[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Because none of the named Defendants are federal actors, Plaintiff has failed to state a claim for violation of the Fifth Amendment.

### F. Eighth Amendment

It appears that Plaintiff wishes to allege an Eighth Amendment claim against the

ICC members for placing him in solitary confinement.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff does not explain why solitary confinement posed a substantial risk of

harm to him and how defendants were deliberately indifferent to this harm. He fails to explain why placing him in solitary confinement amounted to an Eighth Amendment violation. Plaintiff will be given leave to amend this claim.

### G.     Fourteenth Amendment

#### 1.     Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff has not alleged that he was a member of a protected class. He has failed to allege an equal protection claim under this method.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3)

there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

Plaintiff has failed to allege facts supporting a claim that he was a member of an identifiable class, that he was intentionally treated differently from others similarly situated, and that there was no rational basis for the difference in treatment.  Plaintiff fails to state a claim under this method.

Plaintiff has failed to state an equal protection claim, but will be given leave to amend this claim.

### 2. Due Process

It appears that Plaintiff wishes to allege a due process claim against the ICC members for placing him in solitary confinement and Defendant Rose for filing false reports against him.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221–22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222–23 (citing Sandin v. Conner, 515 U.S. 472, 481–84 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts which demonstrate a protected liberty interest in remaining free from the solitary confinement, Wilkinson, 545 U.S. at 221; Myron, 476

F.3d at 718, and that deficiency aside, he has not alleged any facts which demonstrate that he was denied the minimal procedural protections he was due under federal law, Superintendent v. Hill, 472 U.S. 445, 455–56 (1985); Wolff v. McDonnell, 418 U.S. 539, 563–71 (1974); Bruce v. Ylst, 351 F.3d 1283, 1287–88 (9th Cir. 2003); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

Although these Defendants might have used false documents against him, it appears Plaintiff was given a chance to refute them at his classification hearings. Accordingly, Plaintiff's complaint fails to state a claim for relief arising out of his solitary confinement and he will be given leave to amend this claim.

## IV.     CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff=s constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

11

      2.      Plaintiff's Complaint, filed June 20, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

      3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 28, 2013              /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE