1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   SAIYEZ AHMED,                          No.  1:13-cv-00941-DAD-MJS

12            Plaintiff,

13        v.                                ORDER REAFFIRMING ORDER
                                            ADOPTING FINDINGS AND
14   M. MARTEL et al.,                      RECOMMENDATIONS

15            Defendants.                   (Doc. No. 33)

16                                          ORDER DENYING DEFENDANTS'
                                            MOTION FOR SCREENING OF
17                                          PLAINTIFF'S SECOND AMENDED
                                            COMPLAINT
18
                                            (Doc. No. 35)
19
                                            AMENDED COMPLAINT DUE WITHIN
20                                          THIRTY (30) DAYS

21

22

23        Before the court are plaintiff Saiyez Ahmed's objections to the magistrate judge's findings

24   and recommendations on a motion to dismiss (Doc. No. 34), and defendants' request for

25   screening of those objections to the extent they constitute a second amended complaint (Doc. No.

26   35).  Having considered plaintiff's objections and, for the reasons stated below, this court will

27   reaffirm the order adopting the magistrate judge's findings and recommendations.  The court will

28   also deny defendants' motion for screening of plaintiff's second amended complaint.

                                            1

**PROCEDURAL HISTORY**

Plaintiff Saiyez Ahmed, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2013.  (Doc. No. 1.)  The court screened plaintiff's complaint, found that it failed to state a claim upon which relief could be granted, and dismissed it with leave to amend.  (Doc. No. 10.)  Plaintiff filed a first amended complaint on December 2, 2013.  (Doc. No. 11.)  The assigned magistrate judge screened the first amended complaint and found that it stated cognizable first amendment retaliation claims against defendants C.P. Cano, D. Combs, M.C. Davis, M. Martel, and R. Shannon, but no other claims. (Doc. No. 13.)

Service was initiated and, on November 15, 2014, defendants filed a motion to dismiss the first amended complaint.  (Doc. No. 17.)  On June 29, 2015, the magistrate judge issued findings and recommendations recommending that the motion to dismiss be granted in part and denied in part.  (Doc. No. 24.) However, upon consideration of defendants' objections, the magistrate judge vacated those findings and recommendations and thereafter issued new findings and recommendations recommending that the motion to dismiss be granted in its entirety, but that plaintiff be granted leave to amend.  (Doc. No. 29.)  Defendants filed objections to the revised findings and recommendations.  (Doc. No. 30.)  Plaintiff sought and received an extension of time to file his objections.  (Doc. Nos. 31, 32.)  However, the extended deadline passed without plaintiff filing any objection.  On October 22, 2015, the then assigned district court judge adopted the findings and recommendations in full and ordered plaintiff to file an amended complaint within thirty days of that order.  (Doc. No. 33.)

Thereafter, on November 5, 2015, plaintiff's objections were received and docketed. (Doc. No. 34.) Those objections are dated October 11, 2015, and were therefore timely under the prison mailbox rule.[1]  On November 20, 2015, defendants filed a motion construing the plaintiff's

---

[1]  Pursuant to the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing prison mailbox rule); *Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

1   objections as a second amended complaint and asking the Court to screen the purported pleading.

2   (Doc. No. 35.)  This matter was then reassigned to the undersigned on December 4, 2015.  (Doc.

3   No. 36.)

4                                **PLAINTIFF'S OBJECTIONS**

5          On August 26, 2015, the magistrate judge recommended that plaintiff's first amended

6   complaint be dismissed with leave to amend because documents attached to the complaint

7   contradicted plaintiff's allegations of retaliation.  (Doc. No. 29.)  Specifically, plaintiff alleged

8   that defendants subjected him to a retaliatory transfer to an institution that housed his enemies.

9   However, documents attached to the complaint reflect that defendants were not responsible for

10  the transfer decision, and no other facts linked defendants to that decision.

11         Plaintiff attempts to cure these deficiencies by presenting new facts in his objections.

12  However, plaintiff may not plead additional factual allegations through his objections.  A

13  complaint must be "complete in itself without reference to the prior or superseded pleading."

14  Local Rule 220.  Indeed, the presentation of additional facts supports the recommendation to

15  dismiss plaintiff's complaint with leave to amend.

16         Accordingly, the court reaffirms the order (Doc. No. 33) adopting the magistrate judge's

17  revised findings and recommendations.  Plaintiff will be ordered to file an amended pleading

18  within thirty days of service of this order if he wishes to continue to pursue this action.

19                                **DEFENDANTS' MOTION**

20         Defendants interpret plaintiff's objections as an amended pleading and ask that it be

21  screened.  (Doc. No. 35.)  However, the objections may not be construed as an amended pleading.

22  The objections do not contain a list of the defendants, a description of the causes of action, or a

23  statement of the relief sought.  *See* Fed. R. Civ. P. 8(a).  Nor may these elements be gleaned by

24  reference to plaintiff's prior pleading.  Local Rule 220; *see also Loux v. Rhay*, 375 F.2d 55, 57

25  (9th Cir. 1967) (an amended complaint supersedes a prior complaint).  Accordingly, defendants'

26  motion for screening will be denied because plaintiff's objections do not constitute a second

27  amended complaint and cannot be construed as such.

28  /////

                                        3

1      **CONCLUSION**

2          Based on the foregoing:

3      1.  The order adopting the magistrate judge's findings and recommendations (Doc. No.

4              33) is reaffirmed;

5      2.  Plaintiff shall file an amended complaint or notice of voluntary dismissal within thirty

6              (30) days of service of this order;

7      3.  If plaintiff fails to file an amended complaint or notice of voluntary dismissal, this

8              action will be dismissed with prejudice for failure to obey a court order; and

9      4.  Defendants' motion for screening of plaintiff's second amended complaint (Doc. No.

10             35) is denied.

11     IT IS SO ORDERED.

12     Dated:   __July 29, 2016__                          _____

13                                                          UNITED STATES DISTRICT JUDGE

4