1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIYEZ AHMED,<br><br>            Plaintiff,<br><br>      v.<br><br>M. MARTEL, et al.,<br><br>            Defendants. | Case No.  1:13-cv-00941-DAD-MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 42)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 4.)

On August 7, 2014, the Court screened Plaintiff's first amended complaint and concluded that Plaintiff stated a cognizable First Amendment retaliation claim against Defendants Martel, Davis, Shannon, Cano, and Combs for transferring him to a more dangerous institution in retaliation for pursuing an administrative grievance. (ECF No. 13.) Plaintiff's remaining claims were dismissed with prejudice. (Id.)

Defendants Martel, Davis, Shannon, Cano, and Combs waived service and filed a motion to dismiss. (ECF Nos. 16, 17.) The motion to dismiss was granted on the grounds that documents attached to Plaintiff's complaint reflected that Defendants were

1   not responsible for the transfer decision and no other facts suggested that they
2   participated in the adverse transfer. (ECF Nos. 29, 33, 38.) Plaintiff was given leave to
3   amend.

4       His second amended complaint is before the Court for screening. (ECF No. 42.)

5   **I.    Screening Requirement**

6       The Court is required to screen complaints brought by prisoners seeking relief
7   against a governmental entity or officer or employee of a governmental entity.   28
8   U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner
9   has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon
10  which relief may be granted, or that seek monetary relief from a defendant who is
11  immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or
12  any portion thereof, that may have been paid, the court shall dismiss the case at any
13  time if the court determines that . . . the action or appeal . . . fails to state a claim upon
14  which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

15  **II.   Pleading Standard**

16      Section 1983 "provides a cause of action for the deprivation of any rights,
17  privileges, or immunities secured by the Constitution and laws of the United States."
18  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).
19  Section 1983 is not itself a source of substantive rights, but merely provides a method
20  for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,
21  393-94 (1989).

22      To state a claim under § 1983, a plaintiff must allege two essential elements:
23  (1) that a right secured by the Constitution or laws of the United States was violated and
24  (2) that the alleged violation was committed by a person acting under the color of state
25  law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d
26  1243, 1245 (9th Cir. 1987).

27      A complaint must contain "a short and plain statement of the claim showing that
28  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

1    are not required, but "[t]hreadbare recitals of the elements of a cause of action,
2    supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S.
3    662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).
4    Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to
5    relief that is plausible on its face." <u>Id.</u> Facial plausibility demands more than the mere
6    possibility that a defendant committed misconduct and, while factual allegations are
7    accepted as true, legal conclusions are not. <u>Id.</u> at 677-78.

8    **III.    Plaintiff's Allegations**

9        Plaintiff currently is housed at California State Prison, Los Angeles County, but
10   complains of acts that occurred at Pleasant Valley State Prison ("PVSP") in Coalinga,
11   California. Although the complaint refers to various "Defendants" and identifies some
12   individuals by name, only Defendant M. Martel is listed in the caption.

13       Plaintiff's second amended complaint contains various allegations that have been
14   dismissed with prejudice for failure to state a claim. (ECF No. 13.) These allegations will
15   not be repeated here, except as background to the allegations at issue. His remaining
16   allegations may be summarized essentially as follows.

17       Plaintiff was placed in solitary confinement in December 2010. The reasons for
18   placing and retaining Plaintiff in solitary confinement were false. On January 19, 2012,
19   Plaintiff was removed from solitary for a hospital admission. Plaintiff returned to PVSP
20   on January 26, 2012 and was returned to solitary confinement. That same day, Plaintiff
21   attended an Institutional Classification Committee ("ICC") with Defendants M. Martel,
22   M.C. Davis, R. Shannon, C.P. Cano, and D. Combs. Defendants told Plaintiff that he
23   would be transferred to CMF-III or CMC-E-III due to safety concerns. Plaintiff claims this
24   was another in a serious of "excuses" proffered by the ICC during the course of his time
25   in solitary confinement relating to enemy or safety concerns.

26       On January 30, 2012, Plaintiff began a hunger strike to protest his transfer.
27       On February 8, 2012, Plaintiff filed a "formal complaint."

28

1       Thereafter, Defendants began asking Plaintiff what they could do to end his

2  protest. Plaintiff replied that they would have to stop fabricating reasons for keeping him

3  in solitary confinement and for transferring him.

4       On February 14, 2012, Defendant Cano interviewed Plaintiff in the infirmary.

5  Plaintiff was told to stop his hunger strike and withdraw his complaint because a new

6  ICC would be held on February 16, 2012. Cano told Plaintiff that he would be released

7  from solitary confinement and would not be transferred.

8       On February 16, 2012, Plaintiff attended an ICC with Defendants. Martel "et al."

9  advised Plaintiff that he would be released to C-Facility and there was no reason to

10  transfer him. Plaintiff was told to stop or withdraw his formal complaint.

11       Plaintiff thereafter was released to C-Facility but continued to pursue his

12  grievance.

13       On February 28, 2016, Plaintiff was transferred to CSP-Solano, where he has

14  substantial safety concerns.

15       Plaintiff's alleges that Defendants' conduct violated the Due Process clause of

16  the Fourteenth Amendment and the Eighth Amendment's prohibition against cruel and

17  unusual punishment. These claims have been dismissed with prejudice and will not be

18  discussed further. The action proceeds, if at all, on a claim of First Amendment

19  retaliation. Plaintiff seeks declaratory and injunctive relief.

20  **IV.  Analysis**

21       "Within the prison context, a viable claim of First Amendment retaliation entails

22  five basic elements: (1) An assertion that a state actor took some adverse action

23  against an inmate (2) because of (3) that prisoner's protected conduct, and that such

24  action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

25  did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408

26  F.3d 559, 567-68 (9th Cir. 2005).

27       The second element focuses on causation and motive. See Brodheim v. Cry, 584

28  F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a

1  "'substantial' or 'motivating' factor behind the defendant's conduct." <u>Id.</u> (quoting

2  <u>Sorrano's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can

3  be difficult to establish the motive or intent of the defendant, a plaintiff may rely on

4  circumstantial evidence. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that

5  a prisoner established a triable issue of fact regarding prison officials' retaliatory motives

6  by raising issues of suspect timing, evidence, and statements); <u>Hines v. Gomez</u>, 108

7  F.3d 265, 267-68 (9th Cir. 1997); <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995)

8  ("timing can properly be considered as circumstantial evidence of retaliatory intent").

9      In terms of the third prerequisite, filing a grievance is a protected action under the

10  First Amendment. <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989).

11      With respect to the fourth prong, "[it] would be unjust to allow a defendant to

12  escape liability for a First Amendment violation merely because an unusually

13  determined plaintiff persists in his protected activity . . . ." <u>Mendocino Envtl. Ctr. v.</u>

14  <u>Mendocino Cnty.</u>, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to

15  determine whether an official's acts would chill or silence a person of ordinary firmness

16  from future First Amendment activities. <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino</u>

17  <u>Envtl. Ctr.</u>, 192 F.3d at 1300).

18      With respect to the fifth prong, a prisoner must affirmatively allege that "'the

19  prison authorities' retaliatory action did not advance legitimate goals of the correctional

20  institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo v. Dawson</u>,

21  778 F.2d 527, 532 (9th Cir. 1985).

22      The Court already has concluded that Plaintiff engaged in protected conduct by

23  filing a grievance. Additionally, a transfer to a more dangerous institution is sufficient to

24  allege adverse action, even though Plaintiff has no constitutional right to be housed in

25  any particular institution. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995) (holding that

26  prison official may not "transfer an inmate to another prison in retaliation for the inmate's

27  exercise of his First Amendment right"); <u>Meachum v. Fano</u>, 427 U.S. 215 ,224-25 (1976)

28

1  (no right to be housed in a particular institution). Finally, Plaintiff's allegations are

2  sufficient to suggest that the transfer was not motivated by any penological necessity.

3        Thus, the issue before the Court is whether Plaintiff has alleged sufficient facts to

4  suggest that Defendants transferred Plaintiff <u>because of</u> his protected First Amendment

5  activity. Indeed, the Court previously dismissed Plaintiff's complaint on the ground that

6  the first amended complaint failed in this regard. (ECF Nos. 29 & 33.)  More specifically,

7  the Court held as follows:

8           The exhibits attached to the First Amended Complaint reveal
            two critical contradictions. First, they reveal that the decision
9           to transfer Plaintiff to CSP-Solano was made on February
            14, 2012, two days before the second ICC hearing and thus
10          before Defendants allegedly told Plaintiff to stop pursuing his
            appeal. (<u>See</u> ECF No. 11 at 40.) Second, they reveal that
11          the decision to transfer Plaintiff to CSP-Solano was made by
            a Classification Staff Representative ("CSR") (<u>id.</u>). Plaintiff
12          did not allege that any of the Defendants are CSRs (<u>see</u>
            ECF No. 11 at 2-3).
13
            In short, while Plaintiff alleges in his First Amended
14          Complaint that Defendants decided to transfer him to CSP-
            Solano after the February 16, 2012, ICC hearing, his exhibits
15          reveal the transfer decision was actually made before the
            February 16, 2012 ICC hearing and by someone other than
16          the named Defendants. Plaintiff's conclusory statement that
            the Defendants "are who authorized the illegal transfer" is
17          without support in the factual allegations.

18        Plaintiff has failed to cure these defects in his second amended complaint. He

19  now alleges that Cano told him to stop pursuing his grievance on February 14, 2016.

20  However, the allegations do not suggest this was a threat, but rather an indication that

21  the grievance would essentially be mooted by the subsequent ICC decision. More

22  significantly, however, Plaintiff does not allege any facts to suggest that the ICC

23  members are CSRs or otherwise authorized the transfer to CSP-Solano. He therefore

24  fails to allege that any of the ICC members took adverse action against him because of

25  his protected activity. Nor does he allege facts to suggest that the CSR responsible for

26  the transfer was aware of his grievance or acted because of it. He therefore fails to state

27  a claim.

28

Plaintiff has been advised at some length of the legal standards applicable to his claims and had been afforded the opportunity to cure noted defects. He has failed to do so. Further leave to amend appears futile and should be denied.

**V.      Conclusion and Recommendation**

Based on the foregoing, Plaintiff's second amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that the action be DISMISSED with prejudice for failure to state a claim.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 23, 2016          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

7